45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roger G. SEGAL, Chapter 7 Trustee for the Estate of Joseph
H. Burns, Plaintiff,
and
Joseph Harlan Burns, Debtor-Appellant,
v.
ANNIE LAURIE MINING VENTURES LIMITED; Russell L. Reiserer,
individually and as General Partner of Annie Laurie Mining
Ventures, Limited; Edwin F. Jones, individually and as a
Partner in General of Annie Laurie Mining Ventures, Limited;
and Ruth H. Reiserer, Defendants-Appellees.
 No. 93-4210.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,** District Judge.[2]
 
 
 2
 Debtor Joseph Harlan Burns appeals from an order denying his motion to vacate execution on and sale of his interest in Annie Laurie Mining Ventures, Limited. Defendants contend the appeal is moot. We agree and dismiss the appeal.
 
 
 3
 Burns, Russell and Ruth Reiserer, and Edwin Jones were partners in Annie Laurie Mining Ventures. In 1988, Burns brought an action against the other partners and the partnership for fraudulent inducement, conversion of partnership assets, breach of fiduciary duty, and intentional infliction of emotional distress (district court action). Defendants counterclaimed for breach of fiduciary duty, alleging that Burns had converted partnership property to personal use.
 
 
 4
 On September 28, 1989, Burns filed a Chapter 11 bankruptcy petition. The bankruptcy court granted relief from the automatic stay to permit defendants to liquidate their claims in the district court action. The case was converted to a Chapter 7 bankruptcy. Roger Segal was appointed trustee, becoming the real party in interest in the district court action.
 
 
 5
 Defendants filed proofs of claims in the amount of $450,000, asserting secured claims through setoff pursuant to 11 U.S.C. 553 against Burns' interest in the partnership, and unsecured claims for the balance. Segal negotiated a stipulation for compromise and settlement with defendants whereby defendants agreed to pay Segal $5,000 and to withdraw the unsecured portion of their proofs of claims, but reserved the secured portion of their claims, including any right to set off against Burns' partnership interest the claims asserted in their proofs of claims. The trustee agreed to dismiss all claims against defendants in the district court action. The parties also agreed to an accounting. The bankruptcy court approved the settlement. The parties then stipulated to entry of a $236,021 judgment in the district court action in favor of defendants and against the bankruptcy estate. Judgment was entered accordingly.
 
 
 6
 The trustee moved for permission to sell Burns' partnership interest. A hearing was held at which Burns appeared. The bankruptcy court made the following findings. Burns held a partnership interest in Annie Laurie Mining Ventures which became property of the estate after he filed his bankruptcy petition. The parties agreed that defendants had a secured claim against the partnership interest. The district court determined the amount of that claim was $236,021, and entered judgment for defendants in that amount. First Interstate Bank of Utah (Bank) had previously obtained a judgment against Burns in the amount of $144,782.22, and had levied upon and obtained a charging order against the estate's partnership interest. There remained a balance of $114,153.08 owed to the Bank that was secured by its judgment and charging order. The value of the estate's partnership interest did not exceed the aggregate of the Bank's charging order and the $236,021 lien held by defendants.
 
 
 7
 The bankruptcy court concluded that there appeared to be no realizable equity in the estate's partnership interest for the benefit of the bankruptcy estate in excess of these liens and there did not appear to be sufficient money in the estate to market and sell the estate's partnership interest. It ordered the trustee to abandon the estate's partnership interest "to enable First Interstate Bank and the Partnership to enforce their respective liens against the Estate's Partnership Interest by remedy provided by law." Appellees' App. at 24.
 
 
 8
 On June 21, 1993, the district court issued a writ of execution directing the constable to levy upon and sell the abandoned partnership interest and apply the proceeds to defendants' judgment. The partnership purchased the partnership interest on July 22, 1993. That same day Burns filed a motion to vacate the execution and sale. He did not obtain a stay of the sale. On October 14, 1993, the district court entered an order denying Burns' motion to vacate on grounds of lack of standing, lack of jurisdiction, res judicata, and collateral estoppel.
 
 
 9
 Defendants contend the appeal should be dismissed on the ground of mootness because Burns failed to obtain relief prior to the sale of the partnership interest. Burns has not responded to this argument. The mootness doctrine applies whenever effective relief is precluded by the sale of the debtor's property. Tompkins v. Frey (In re Bel Air Assocs., Ltd.), 706 F.2d 301, 305 n. 10 (10th Cir.1983); see also New Mexico Env't Dep't v. Foulston (In re L.F. Jennings Oil Co.), 4 F.3d 887, 888, 890 (10th Cir.1993)(holding appeal moot where appellant failed to obtain stay pending appeal and abandoned property was sold to third parties), cert. denied, 114 S.Ct. 1372 (1994). We conclude effective relief in this case is precluded by the sale of Burns' partnership interest. Therefore, the motion to dismiss the appeal is granted.
 
 
 10
 The appeal is DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument